UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-9850 FMO (PDx) | Date | January 17, 2025 |
|---|---|---|---|
| Title | Sergio Zamora v. Ford Motor Company | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):   Attorney Present for Defendant(s):

None Present   None Present

**Proceedings:** (In Chambers) Order Re: Motion to Remand

On July 23, 2024, Sergio Zamora ("plaintiff") filed a complaint in the Los Angeles County Superior Court ("state court") against Ford Motor Company ("defendant"), asserting breach of warranty claims under the California Song-Beverly Consumer Warranty Act, ("Song-Beverly Act"), Cal. Civ. Code § 1790, et seq. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1); (Dkt. 1-2, Complaint). On November 14, 2024, defendant removed the action on the basis of diversity jurisdiction. (See Dkt. 1, NOR at 2).

Plaintiff now seeks remand on the basis that removal was untimely. (See Dkt. 13, Motion to Remand ("Motion") at 2); (id., Memorandum of Points and Authorities ("Memo.") at 1). Having reviewed the pleadings and the briefing filed with respect to plaintiff's Motion, the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[1] See id. Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a); see Dennis v. Hart, 724

---

[1] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-9850 FMO (PDx) | Date | January 17, 2025 |
|---|---|---|---|
| Title | Sergio Zamora v. Ford Motor Company | | |

F.3d 1249, 1252 (9th Cir. 2013) (same).  A removing defendant bears the burden of establishing that removal is proper.  See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted).

## DISCUSSION

Section 1446(b)(1) of Title 28 of the United States Code[2] requires a defendant to remove a case "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"  This 30-day removal period "is triggered if the case stated by the initial pleading is removable on its face." Kuxhausen v. BMW Financial Services NA LLC, 707 F.3d 1136, 1139 (9th Cir. 2013) (internal quotation marks omitted).  In other words, "the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin."  Id. (internal quotation marks omitted).  However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

While the 30-day time limit is procedural rather than jurisdictional, "the time limit is mandatory and a timely objection to a late petition will defeat removal[.]"  Smith v. Mylan, Inc., 761 F.3d 1042, 1045 (9th Cir. 2014) (internal quotation marks omitted).  Indeed, the statutory removal deadline "must be strictly complied with, and is to be narrowly construed."  United States ex rel. Walker v. Gunn, 511 F.2d 1024, 1026 (9th Cir. 1975); Kang v. Allied Consultants, Inc., 2021 WL 1010629, *1 (C.D. Cal. 2021) (same).

Here, defendant removed the action on November 14, 2024.  (See Dkt. 1, NOR).  Although the NOR did not specify when defendant was served with the Complaint, (see, generally, id. at ¶ 2), defendant represented that removal was timely because plaintiff's responses to discovery, which were served on October 15, 2024, admitted for the first time the amount in controversy and plaintiff's citizenship.  (See id.).  Plaintiff contends that, contrary to defendant's representations, "removability of this action was clear and ascertainable from the fact of plaintiff's State Complaint." (Dkt. 13, Memo. at 1).  And because defendant was served with the Complaint and Summons on August 1, 2024, its November 14, 2024, removal was untimely.  (See id. 3-4).  The court agrees with plaintiff.  While defendant relies on the second removal period under § 1446(b)(3), (see Dkt. 1, NOR at ¶ 2), it is clear that plaintiff's Complaint triggered the first removal period under § 1446(b)(1).

---

[2] Unless otherwise indicated, all code references are to Tile 28 of the United States Code.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-9850 FMO (PDx) | Date | January 17, 2025 |
|---|---|---|---|
| Title | Sergio Zamora v. Ford Motor Company | | |

With respect to the amount in controversy, the NOR stated that the Complaint "was not facially removable as plaintiff failed to plead an amount in controversy in excess of $75,000." (Dkt. 1, NOR at ¶ 2); (see also Dkt. 15, Defendant's Opposition to Plaintiff's Motion to Remand ("Opp") at 5). According to defendant, it wasn't until plaintiff served his discovery responses that plaintiff "admitted" that "he was seeking more than $75,000 in damages." (Dkt. 1, NOR at ¶¶ 2, 12). More specifically, plaintiff, who was seeking "rescission of the purchase contact and restitution of all monies expended," admitted that the cost of the subject vehicle was more than $25,000, (see id. at ¶¶ 2, 13); (Dkt. 1-7, Retail Installment Sale Contract ("RISC")) (indicating a total sale price of $26,268.56), and that he was seeking "a civil penalty of up to two times the amount of actual damages." (Dkt. 1, NOR at ¶ 14). However, even a cursory review of the Complaint undermines defendant's contention regarding the amount in controversy. (See, generally, Dkt. 1-2, Complaint). The Complaint alleged that plaintiff was seeking "rescission of the purchase contract and restitution" and a "civil penalty in the amount of two times plaintiff's actual damages." (See id. at Prayer for Relief). With respect to the cost of the subject vehicle, the Complaint clearly alleged that, "as reflected in the [RISC, the subject vehicle], has an approximate value of $26,268.56." (Id. at ¶ 8). Thus, the very same discovery information relied upon by defendant in its NOR was alleged in the Complaint. Based on such allegations and requests for relief, there is no doubt that, had defendant applied "a reasonable amount of intelligence[,]" Kuxhausen, 707 F.3d at 1140, in assessing the Complaint, it would have easily ascertained that the amount in controversy exceeded $75,000. See, e.g., id. ("Multiplying figures clearly stated in a complaint is an aspect of that duty.").

Defendant's reliance on Balaoing v. Nissan North America, Inc., 2023 WL 4234664 (E.D. Cal. 2023), (see Dkt. 15, Opp. at 5-6), to support a contrary finding is misplaced. There, the court found that the complaint was not removable where plaintiffs "chose to give great detail as to make, model, year and VIN number, and yet excluded the purchase price." Balaoing, 2023 WL 4234664, at *4. Unlike in Balaoing, plaintiff here expressly included the price of the subject vehicle based on the RISC. (See Dkt, 1-2, Complaint at ¶ 8).

With respect to diversity of the parties, defendant contends that the Complaint was not removable because it "merely stated that plaintiff is an individual residing in the State of California" (see Dkt. 15, Opp. at 7); (Dkt. 1-2, Complaint at ¶ 2) (averring that plaintiff "is an individual residing in the City of Los Angeles, State of California"), and "residency is not the same as citizenship." (Dkt. 15, Opp. at 7).

"A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (citations omitted). However, "numerous courts outside the Ninth Circuit, including the United States Supreme Court and other circuit courts, have concluded that a person's residence is prima facie evidence of domicile and citizenship." Cisneros Pantoja v. RAMCO Enterprises, L.P., 2019 WL 5959630, *9 (N.D. Cal. 2019); see 13E Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3612 (3d ed. 2013) ("It is assumed . . . that a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-9850 FMO (PDx) | Date | January 17, 2025 |
|---|---|---|---|
| Title | Sergio Zamora v. Ford Motor Company | | |

person's current residence is also his domicile."); see also NewGen, LLC v. Sage Cig, LLC, 840 F.3d 606, 614 (9th Cir. 2016) ("It is a longstanding principle that the place where a person lives is taken to be his domicile until facts adduced establish the contrary.") (internal quotation and alteration marks omitted).  And as the Ninth Circuit has stated, a notice of removal need not "prove subject matter jurisdiction" but instead need only "contain[] plausible allegations of the jurisdictional elements."  Academy of County Music v. Continental Casualty Company, 991 F.3d 1059, 1069 (9th Cir. 2021) (internal quotation marks omitted).  Thus, "a reasonable amount of intelligence[,]" Kuxhausen, 707 F.3d at 1140, would have shown that plaintiff was a citizen of California for purposes of removal.  See Cisneros Pantoja, 2019 WL 5959630, at *10 (finding that defendant has sufficient basis to ascertain diversity when it received document indicating certain plaintiffs resided outside of state).

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Motion to Remand **(Document No. 13)** is **granted**.

2. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles.

3. The Clerk shall send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |